**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARIBEL CORTEZ-CONTRERAS, *et al.*,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant,

Case No. 19-2591-KHV-ADM

**MEMORANDUM AND ORDER**

Plaintiffs Maribel Cortez-Contreras, Maria Cortez, and John Kirwan allege they were injured in an automobile accident caused by Ervante Triplett's negligence. Plaintiffs did not file this lawsuit against Ms. Triplett, who was allegedly uninsured. Instead, Plaintiffs brought suit against defendant Government Employees Insurance Company ("GEICO") seeking to recover uninsured motorist benefits under Ms. Cortez-Contreras' insurance policy with GEICO. Ms. Cortez-Contreras was driving the vehicle with all three Plaintiffs in it at the time of the accident. Plaintiffs originally filed suit in state court, and GEICO removed this action to federal court based on diversity jurisdiction.

This matter comes before the court on Plaintiffs' Motion for Leave to File an Amended Petition for Damages. (ECF NO. 7.) Plaintiffs now seek to join Ms. Triplett, the allegedly uninsured motorist who caused the accident. This would destroy diversity jurisdiction and force remand to state court. Because of this, GEICO argues the court should deny leave to amend. For the reasons set forth below, the undersigned agrees with GEICO and denies the motion to amend.

## I. BACKGROUND

Plaintiffs' complaint alleges that Ms. Cortez-Contreras was driving her vehicle on an interstate highway, in which Ms. Cortez and Mr. Kirwan were riding as passengers, when a vehicle driven by Ms. Triplett made a high-speed lane change across four lanes of traffic and crashed into the back of Ms. Cortez-Contreras' vehicle. (ECF No. 1-1 ¶¶ 6-7.) The impact caused Ms. Cortez-Contreras' vehicle to spin around, crash into a concrete barrier, and sustain a second impact by Ms. Triplett's vehicle. (*Id.* ¶ 8.) Ms. Cortez-Contreras and the other passengers suffered injuries resulting from Ms. Triplett's negligence, but Ms. Triplett was an uninsured motorist in violation of Kansas law. (*Id.* ¶¶ 11-13.) Plaintiffs made claims against GEICO under the uninsured motorist provisions of Ms. Cortez-Contreras' policy, which GEICO denied. On May 29, 2019, the three filed suit against GIECO—but not Ms. Triplett—in the District Court of Wyandotte County, Kansas. The complaint seeks damages for each plaintiff "in an amount less than Seventy Four Thousand Nine hundred Dollars ($74,900)." (*Id.* at 4, 5, and 6.)

On August 28, GEICO served Plaintiffs with a Kansas Supreme Court Rule 118 request, seeking the amount of monetary damages sought by each plaintiff. The responses revealed that Ms. Cortez-Contreras and Mr. Kirwin each seek damages in excess of $75,000. On September 30, GEICO removed this case to federal court based on diversity jurisdiction. (*See* ECF No. 1-2.) The Notice of Removal alleges that Ms. Cortez-Contreras and Ms. Cortez are both Kansas citizens, Mr. Kirwin is a Missouri citizen, and GEICO is domiciled and has its principal place of business in Maryland. (ECF No. 1, at 2.) After GEICO removed this case to federal court, Plaintiffs filed Amended Rule 118 Responses in state court, reducing their claimed damages to amounts less than $75,000. (ECF No. 10-1.)

On October 15, Plaintiffs moved to amend to join Ms. Triplett as a party defendant. According to the proposed amended complaint, Ms. Triplett is a Kansas citizen. (ECF No. 7-1, at 4.) Therefore, joining her as a defendant will destroy diversity jurisdiction. GEICO opposes the motion, arguing that Ms. Cortez-Contreras seeks to amend to frustrate federal jurisdiction and because Ms. Triplett is not a necessary or indispensable party.

## II. ANALYSIS

FED. R. CIV. P. 15(a)(2) governs motions to amend the pleadings. Generally, under Rule 15, the court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same). GEICO does not oppose the amendment on any of these grounds. Rather, GEICO opposes the amendment because it will divest the court of subject-matter jurisdiction.

A proposed amendment seeking to add a nondiverse party that would destroy the court's subject-matter jurisdiction is governed by 28 U.S.C. § 1447(e). *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e)."); *see also Broadnax v. GGNSC Edwardsville III LLC*, No. 13-2640-SAC, 2014 WL 1308908, at *3 (D. Kan. Mar. 28, 2014) (suggesting that § 1447(e) must be applied in conjunction with the applicable Federal Rules). That statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." § 1447(e).

## A. Ms. Triplett is Not a Necessary or Required Party

The standard governing leave to amend under § 1447(e) is not a model of clarity in the Tenth Circuit. The Tenth Circuit last discussed this statute in *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). There, the court stated that under Federal Rule of Civil Procedure 19, the court must determine whether the party sought to be joined is indispensable and, if so, the court must either remand under § 1447(e) or deny joinder and dismiss the case under Rule 19(b). *Id.* at 951-52. If the defendant is not indispensable, then Rule 20 permits joinder at the court's discretion. *Id.* Although this analysis may seem straightforward, the problem is that Rule 19(a) would never require joinder of a non-diverse defendant who would destroy subject matter jurisdiction because that rule's plain language only requires joinder of a party "whose joinder will not deprive the court of subject matter jurisdiction." FED. R. CIV. P. 19(a). Furthermore, Rule 19(b) is inapposite because, although it applies "when a person who is required to be joined if feasible cannot be joined," it requires the court to determine "whether the action should proceed among the exiting parties or should be dismissed." FED. R. CIV. P. 19(a). This is contrary to the statute that governs the more specific issue of post-removal joinder, which requires the court to either "deny joinder, or permit joinder and remand the action to the State court." § 1447(e). Thus, the Tenth Circuit's reasoning in *McPhail* effectively leads straight to a Rule 20 permissive joinder analysis.

This discussion by the Tenth Circuit in *McPhail* may be best understood as dicta. In that case, the plaintiff argued on appeal that the district court lacked subject matter jurisdiction because the citizenship of unidentified ("John Doe") defendants destroyed diversity. *McPhail*, 529 F.3d at 950-51. After discussing the joinder analysis under § 1447(e) and Rules 19 and 20, the court recognized that it had "no occasion here to apply these principles to the district court's decision, because Mrs. McPhail never attempted to amend her complaint" to substitute any named

defendants. *Id.* In other words, the plaintiff in *McPhail* never attempted to amend her complaint in a way that triggered § 1447(e). Some district courts have therefore declined to follow this aspect of *McPhail* for largely the same reasons: the statements are dicta and would create incongruity between § 1447(e) and Rules 19 and 20. *See, e.g.*, *Hernandez v. Chevron USA, Inc.*, 347 F. Supp. 3d 921, 969-71 (D.N.M. 2018) (recognizing a circuit split as to whether the court must first look to Rule 19 in evaluating whether to permit joinder under § 1447(e) and determining that the Fourth and Seventh Circuits are correct—that the district court need not consider whether a party is indispensable before granting or denying joinder under the statute); *see also, e.g., Culver v. Lithia Motors, Inc.*, Civ. No. 15-669 MCA/SCY, 2016 WL 7426587, at *5 (D.N.M. May 12, 2016) (Yarbrough, J.) (declining to apply *McPhail* because its pronouncement is dicta).

The court need not decide the extent to which it is required to follow the *McPhail* joinder analysis in this case because it is clear that Ms. Triplett does not need to be joined as a defendant. Joinder is required where: (1) in the absence of the party to be joined, the court cannot accord complete relief among existing parties; or (2) where a person claims an interest relating to the subject of the action, and disposing of the case in the person's absence would impair the person's ability to protect the interest or leave an existing party subject to a substantial risk of multiple liability or inconsistent obligations. FED. R. CIV. P. 19(a); *see N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012) (outlining the indispensability standard under Rule 19(b), which governs situations where joinder is not feasible, and stating that the first step is to determine whether the party is required to be joined under Rule 19(a)).

Here, the court can afford Plaintiffs complete relief without joining Ms. Triplett as a defendant and deciding Plaintiffs' claim against GEICO will not impair Plaintiffs' ability to protect their interests or leave them subject to a substantial risk of inconsistent obligations. This is because

Plaintiffs' claim against GEICO is premised on Ms. Triplett being uninsured. And, under Kansas law, a party who has a claim against an uninsured motorist has three options:

> He may file an action directly against his uninsured motorist liability carrier without joining the uninsured motorist as a party defendant; he may file an action joining both the insurer and the uninsured motorist as party defendants; or, he may file an action against the uninsured motorist alone without joining the insurer as a party defendant. *In each of these options he may litigate all of the issues of liability and damages* . . . .

*Winner v. Ratzlaff*, 211 Kan. 59, 65, 505 P.2d 606, 610 (Kan. 1973) (emphasis added); *Brown v. USAA Cas. Ins. Co.*, 17 Kan. App. 2d 547, 548-49, 840 P.2d 1203, 1204 (Kan. Ct. App. 1992) (nothing requires the insured to exhaust its remedies against the tortfeasor before bringing a claim for uninsured motorist benefits against the insurer). These three choices are exclusive—*i.e.*, either the first, second, or third options, "but not all three or a combination thereof." *Bugner v. Farm Bureau Mut. Ins. Co.*, 28 Kan. App. 2d 537, 540, 18 P.3d 283, 286 (Kan. Ct. App. 2001).

Plaintiffs therefore had three options under Kansas law: (1) file suit against GEICO only for uninsured motorist benefits; (2) file suit and join both GEICO and Ms. Triplett; or (3) file suit against Ms. Triplett only. Regardless of which option Plaintiffs chose, Plaintiffs "may litigate all of the issues of liability and damages" in a single suit. *Winner*, 211 Kan. at 65, 505 P.2d at 610. Plaintiffs chose option (1). Ms. Triplett's presence as a defendant is therefore not required to resolve Plaintiffs' uninsured motorist claim against GEICO.

Plaintiffs do not take any position as to whether Ms. Triplett is an indispensable party. Instead, they generally dispute that the analysis even applies. On this record, the court has no basis to conclude that Plaintiffs would be prevented from receiving the requested relief if the court did not join Ms. Triplett. Moreover, the second circumstance outlined in Rule 19 does not apply because there is no indication that Ms. Triplett's interest would be impaired or that an existing party would be subject to a substantial risk of multiple liability or existing obligations. *See Bacardi*

*Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1, 10 (1st Cir. 2013) (stating that Fed. R. Civ. P. 19(a)(1)(B)(i) is "concerned with protecting the interests of the absent party"). For these reasons, the court cannot find that joinder of Ms. Triplett is required under Rule 19. *See West v. Metro. Re Inv'rs, LLC*, No. 14-CV-360-JED-PJC, 2014 WL 6836275, at *3 (N.D. Okla. Dec. 3, 2014) (considering joinder under § 1447(e) and declining to find the party to be added was indispensable when the moving party did not provide any argument to support the finding).

**B. Permissive Joinder Is Not Warranted**

Turning next to permissive joinder, the court in *McPhail* instructed that the court should consider "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith." *McPhail*, 529 F.3d at 952 (citing *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). However, this statement by the Tenth Circuit in *State Distributors, Inc.* was not referring to the standards governing amendment under § 1447(e).

In considering the more targeted issue of amendment under § 1447(e), other circuit courts follow a test designed to "balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (creating the balancing test adopted by most circuit courts); *see also Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (citing *Hensgens* with approval); *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840–41 (3d Cir. 2014) (noting that district courts in the Third Circuit have adopted the *Hensgens* balancing test); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (adopting the *Hensgens* balancing test); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (applying *Hensgens* the balancing test); *see also Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990) ("Section 1447(e) is considered

by several courts to be essentially a codification of *Hensgens*.").  This approach considers "(1) the plaintiff's motivation for adding the party; (2) the timeliness of the proposed amendment; (3) any prejudice; (4) the defendant's interest in remaining in federal court; and (5) other equitable considerations."  *Byers v. Life Care Centers of Am., Inc.*, No. CIV.A. 08-2061-CM, 2008 WL 1867976, at *1 (D. Kan. Apr. 24, 2008).  Following are the relevant themes that emerge from parties' arguments as they bear on the various factors set forth above.

Plaintiffs claim their motivation for seeking to add Ms. Triplett as a defendant is that they have a viable claim against Ms. Triplett and that they must prove Ms. Triplett's fault to recover against Ms. Triplett individually, or to recover uninsured motorist benefits from GEICO. Additionally, Plaintiffs must prove Ms. Triplett was uninsured to recover on an uninsured motorist claim.  If Ms. Triplett is insured, she must be added to the litigation.  In other words, the court largely understands Plaintiffs' position to be one of efficiency in having common questions of law and fact decided in one action and avoiding parallel proceedings.  The court is unpersuaded by this stated rationale for at least three reasons.

First, this argument is contradicted by the Kansas Supreme Court's decision in *Winner v. Ratzlaff*, discussed above.  Under Kansas law, Plaintiffs do not have the option of initiating parallel proceedings because, as discussed above, that is not one of the three options for filing suit for uninsured motorist benefits, as outlined in *Winner*.  Plaintiffs elected to file suit against GEICO only, and they "may litigate all of the issues of liability and damages" in that suit.  *See Winner*, 211 Kan. at 65, 505 P.2d at 610.  Therefore, there is no need for Plaintiffs to join Ms. Triplett in order to recover uninsured motorist benefits from GEICO.

Second, Plaintiffs have inexplicably delayed in seeking to join Ms. Triplett as a party defendant.  Plaintiffs have a cognizable claim against her, as the alleged tortfeasor.  Plaintiffs knew

of Ms. Triplett's identity before they filed suit in state court on May 29, but they nevertheless chose not to file suit against her. Plaintiffs could have filed suit against both GEICO and Ms. Triplett, as set forth under option (2) above. But Plaintiffs do not explain why they did not name Ms. Triplett initially. Plaintiffs also do not provide any additional context to counter the suspicious timing of the motion—*e.g.*, that the amendment is based on new information learned through discovery or some sort of changed circumstance. In fact, all of Plaintiffs' stated reasons for seeking to join Ms. Triplett would have been apparent when they filed suit in state court in May.

Third, this inexplicable delay calls into question other factors mentioned above—namely, Plaintiffs' motive for seeking joinder, which is analogous to the "good faith" factor articulated in *McPhail*. *See Schur*, 577 F.3d at 759 (outlining the factors in *Hensgens*); *see also Broadnax*, No. 13-2640-SAC, 2014 WL 1308908, at *5 (considering the motive for seeking joinder). "[T]he post-removal joinder of a nondiverse party shortly after removal, especially when Plaintiff was or should have been aware of the new party's identity and his claims for almost an entire year before filing the original Complaint, is indeed suspect." *Glover v. Kia Motors Am., Inc.*, No. 217CV02825TLPCGC, 2018 WL 1976033, at *5 (W.D. Tenn. Apr. 25, 2018); *see also McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 264–65 (E.D.N.Y. 2009) (concluding the plaintiff was forum shopping when he was aware of the party to be joined before he filed his amended complaint and failed to proffer any new evidence or changed circumstances that prompted the amendment only after the case was removed to federal court). Here, the only plausible motive for the belated amendment is to destroy diversity jurisdiction and force remand to state court. Plaintiffs waited until GEICO removed this case to federal court on September 30 to file their motion on October 15. And when GEICO removed this case based on Plaintiffs' stated claim that two of the three Plaintiffs' damages exceeded the jurisdictional amount, Plaintiffs

promptly reduced their damage claims to amounts less than $75,000. These actions demonstrate a desire to litigate this case in state court.

Lastly, the court considers other equitable considerations. The court is mindful of the liberal standards governing leave to amend, particularly at such an early stage of the litigation. However, the Federal Rules of Civil Procedure are to be construed, administered, and employed "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. There is nothing unjust about holding Plaintiffs to the defendant they initially joined given the clarity of the law in Kansas for nearly 50 years that a plaintiff seeking to recover uninsured motorist damages may file suit against (1) the insurer, (2) the insurer and the tortfeasor, or (3) the tortfeasor. If the court were to allow the belated amendment in this case, it would encourage gamesmanship with a plaintiff who inexplicably delays in adding a non-diverse defendant solely for the purpose of forcing remand to state court. This would cause the parties and the court to spend unnecessary resources bouncing a case around from state to federal court, and then back again to state court. The court believes the better practice, at least under the facts and law applicable to this case, is to hold Plaintiffs to their initially chosen defendant, GEICO.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File an Amended Petition for Damages (ECF NO. 7) is denied.

**IT IS SO ORDERED.**

Dated December 10, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge